THE TEXAS & NEW ORLEANS RAILWAY COMPANY v. J. M. LUDTKE.

No. 231.

1. **Conflicting Evidence—Province of Jury.**—There being conflict between the evidence of the engineer, who claimed that the animal killed was struck at half-past 12 p. m., and that of an eye-witness of the killing, who stated that it occurred about 6 o'clock a. m., it was the province of the jury to determine when the killing occurred, and it is not for this court to say that their finding is erroneous. Having heard the two witnesses testify, they were better able to decide upon their relative credibility than this court is.

2. **Ringing Bell, Blowing Whistle.**—It may be true that if the bell had been rung and the whistle blown that such signals would not have prevented the

animal from coming in contact with the train, but it can not be said that a collision would not have been avoided had the signals required by statute to be given at crossings been given.

3. **Verdict Set Aside on the Evidence, When.**—It is only when there is no evidence to support it, or when it is palpably against the weight of the evidence, that an appellate court can disturb a verdict.

APPEAL from Harris. Tried below before Hon. W. C. ANDERS, County Judge.

*W. N. Shaw*, for appellant.

No brief for appellee.

PLEASANTS, ASSOCIATE JUSTICE.—This suit originated in the court of a justice of the peace for Harris County. Appellee sued for the value of a horse, alleged to have been killed by appellant's train, through the negligence of the train men, on the 4th of August, 1891. Judgment for plaintiff for $100. The alleged value of the horse was $150. Upon appeal to the County Court a judgment for the same sum was rendered for appellee.

Appellant's motion for new trial being overruled, it appealed to this court, and presents for our consideration but two assignments of error.

First. "The verdict and judgment are contrary to the law and evidence, in this, that even if it be conceded that no bell was rung or whistle blown, there is no proof that the omission to give said signals contributed in any manner to the death of said animal."

Second. "Because the proof shows, that only one animal was struck at the crossing in question on the day alleged, to-wit, the 4th day of August, 1891, and that said animal was struck at half-past 12 o'clock at night; that the night was dark and cloudy; that the whistle was blown for the crossing, and no negligence shown on the part of those operating defendant's engine."

As to the second assignment, it suffices to say, that the hour at which the animal was killed was controverted. The testimony for plaintiff, by one who testified as an eye-witness of the killing, is, that it occurred at about 6 o'clock in the morning of the 4th of August; and the testimony of the engineer in charge of the locomotive is, that he struck the animal five and one-half hours earlier than the time stated by plaintiff's witness when he saw the animal killed. Upon this issue it was the province of the jury to determine whether the killing occurred in the nighttime or in the daytime. They might in their discretion have found upon this issue for the appellant; but if they found otherwise, it is not for us to say that the finding is erroneous. The jury heard the two witnesses testify, and

they were therefore better able to decide upon their relative credibility than we are.

As to the first assignment, we have to say, that it may be true that if the bell had been rung and the whistle blown, that such signals would not have prevented the animal from coming in collision with the train; on the other hand it can not be said, that had the signals required by the statute been given a collision would not have been avoided. And assuming, as the assignment under consideration does, that the statutory signals were not given, the culpable omission of those in charge of the locomotive in not ringing the bell or blowing the whistle, coupled with the testimony of plaintiff's witness as to the time and place and circumstances of the killing, are, in our judgment, sufficient to sustain the verdict. We are not authorized to set aside a verdict when the evidence is conflicting; it is only when there is no evidence to support the verdict, or when it is palpably against the weight of the evidence, that an appellate court can disturb the findings of a jury. The judgment must be affirmed.

*Affirmed.*

Delivered May 25, 1893.